*E-FILED: August 20, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHANH NGUYEN, | No. C12-04983 HRL |
| Plaintiff, v. | **ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |
| ICORE INTERNATIONAL, INC., | |
| Defendant. | |

    Based on a declaration submitted by defendant that plaintiff had refused to accept any written communications from defendant's counsel, engage in substantive oral communication, appear for a conference call with the Court's ADR Director, respond to any written discovery, or appear for a deposition, the Court issued an Order setting a Case Management Conference for July 30, 2013. (Dkt. 24). The Court ordered the parties to appear in person, and mailed a copy of the Order to plaintiff.

    Plaintiff apparently received the mailing, but did not open it. He sent a letter to the Court in response and included with his letter the unopened envelope. He wrote "Return to Sender" on the envelope and stated in his letter: "I am sorry to inform you that I never have concerned to your Office . . . Therefore I return to you your unlawful and unreasonable letter that you mailed . . . and please don't disturb me again." (Dkt. 26).

    The Court held the Case Management Conference on July 30, 2013 and plaintiff did not appear. Defendant reported that plaintiff had continued to refuse to engage in any form of

communication, and had returned all of defendant's written communications in their unopened envelopes.

Because of plaintiff's failure to take the necessary steps to prosecute his own case, including communicating with the Court and appearing at the Case Management Conference, the Court was prepared to dismiss plaintiff's case for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). The Court issued an Order to Show Cause Re: Dismissal For Failure to Prosecute and ordered plaintiff to submit a response and appear at an Order to Show Cause Hearing set for August 20, 2013. The Court ordered plaintiff to appear at the hearing and show cause, if any, why this case should not be dismissed. The Court further cautioned plaintiff that "failure to appear at the hearing will serve as further grounds for dismissing the case." (Dkt. 29).

Plaintiff did submit a response to the Order to Show Cause. Though the response is largely incomprehensible, plaintiff does seem to say that the U.S. Equal Employment Opportunity Commission ("EEOC") represents him, that he has been waiting for the EEOC to proceed, and that the EEOC should be contacted directly. Plaintiff returns to the Court its Order to Show Cause and states that it does not relate to his EEOC proceeding. He also states that all of the Court's Orders, and correspondence from opposing counsel, have violated his Right To Sue from the EEOC.[1] Plaintiff did not appear at the August 20, 2013 Order to Show Cause Hearing.

Plaintiff's response to the Order to Show Cause does not excuse his continuing failure to prosecute his case. As to his belief that someone from the EEOC represents him, the Court notes that two different non-EEOC attorneys have represented him in this matter. Before this matter was removed, plaintiff apparently fired his first attorney in the middle of a hearing. Plaintiff then retained new counsel, who represented plaintiff until the Court granted counsel's motion to withdraw in February 2013. When the Court granted counsel's motion to withdraw, it instructed plaintiff or his new counsel to file an appearance within 21 days. Further, with his response to the Order To Show Cause, plaintiff included a letter from the EEOC stating that "[t]he EEOC does not

---

[1] Plaintiff's response to the Order to Show Cause concludes by stating "[b]y the way, I hereby enclose[] all the copies of the Office of the Clerk U.S. District Court – Northern District of California's letters, and Wolfram Workplace Law's letters because these letters violated my Right-To-Sue in the processing of EEOC # 550-2011-00521C under the EEOC Intake Supervisor Eric Darious's supervision." (Dkt. 30, p. 3).

provide private citizens with attorneys." (Dkt. 30, p. 7). Plaintiff does not appear to have a basis for his belief that someone from the EEOC represents him, and his response to the Order to Show Cause gives the Court no indication that he intends to pursue his claims in federal court.

Defendant has asked the Court to dismiss this case for failure to prosecute. As plaintiff has refused to participate in discovery and has repeatedly rejected this Court's attempts to manage the case, the Court grants defendant's request. The case is dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: August 20, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

**C12-04983 HRL Order will be electronically mailed to:**

Michael Lewis Wolfram mwolfram@wolframworkplacelaw.com

**C12-04983 HRL Order will be mailed to:**

Chanh Nguyen
3144 King Street, Apt# 3
Berkeley, CA 94703

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4